WHATLEY, Judge.
 

 The Appellants, Selena Shaffer and Brant Bolinder, individually and as parents and natural guardians of Greenley Bolin-der, a minor, challenge the order dismissing their second amended complaint with prejudice as to the Appellee Norma J. Pointer for failure to state a cause of action. We reverse.
 

 Pointer was the ultrasound technician who advised the Appellants that the sonogram showed them fetus had ten fingers and ten toes. The Appellants’ daughter was later born missing a forearm and hand. The trial court agreed with Pointer that the only cause of action potentially available against her was for wrongful birth. It ruled that because wrongful birth is a subset of medical malpractice, it can only be brought against a health care provider as defined by the Medical Malpractice Act, chapter 766, Florida Statutes (2006). The Act does not include ultrasound technician in its definition of health care provider, and therefore, the trial court dismissed the Appellants’ complaint with regard to Pointer with prejudice.
 

 The Appellants argue that the trial court erred in dismissing their amended complaint against Pointer because it alleged an action for ordinary negligence against her, not an action for medical malpractice. They assert that they intentionally alleged an action for ordinary negligence against Pointer because the Medical Malpractice Act does not define an ultrasound technician as a health care provider. In doing so, they relied on this court’s statement in
 
 Feifer v. Galen of Florida, Inc.,
 
 685 So.2d 882, 885 (Fla. 2d DCA 1996), that “[Chapter 766] did not abolish ordinary negligence claims against those who may be in the business of providing medical care or services. If a plaintiff can successfully allege factual matters constituting ordinary negligence, he or she is not precluded from doing so.”
 

 Because the Appellants alleged an action for ordinary negligence, not medical malpractice, against Pointer, the trial court erred in dismissing the counts against her. We note that the trial court’s ruling would leave Pointer immune from suit for any negligence she may have committed.
 

 Accordingly, we reverse and remand with directions that the amended complaint against Pointer be reinstated.
 

 Reversed and remanded with directions.
 

 VILLANTI and CRENSHAW, JJ., Concur.